UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAREN SMITH,

                                    **Case No.:  16-CV-1814**

                    Plaintiff(s),
           -against-


MERCY MEDICAL CENTER and                **COMPLAINT**
AESCULAP, INC.,


                                  Jury Trial Demanded


                    Defendant(s).
----------------------------------------------------------X

       Plaintiff, KAREN SMITH, by and through her attorneys ACKERMAN, LEVINE,

CULLEN, BRICKMAN & LIMMER, LLP, complaining of the defendants MERCY MEDICAL

CENTER (hereinafter "MERCY") and AESCULAP INC. (hereinafter "AESCULAP") and

(collectively "Defendants") alleges as follows:

## I.  PRELIMINARY STATEMENT

1.  Plaintiff brings this action seeking monetary damages and affirmative relief based upon

    Defendants' violation of Title VII of the Civil Rights Act (hereinafter referred to as "Title

    VII"), 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law (hereinafter

    "NYSHRL"), the Fair Labor Standard Act of 1938 ("FLSA"), as amended, 29 U.S.C. §

    201 *et seq.*, the New York Labor Law § 190, *et seq.* ("NYLL") and other appropriate

    rules, regulations, statutes and ordinances.

2.  Ms. Smith alleges that Defendant discriminated against her with respect to the terms and

    conditions of her employment based on her race and or national origin.

3.  Ms. Smith also alleges that Defendants failed to pay her minimum wage and overtime for

1

all hours worked over forty in a week.

## II.  JURISDICTION & VENUE

4. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. Defendant MERCY does business in the State of New York, within the Eastern District of New York, maintaining a place of business at 1000 North Village Avenue, Rockville Center, New York 11570.

7. A substantial part of the events or omissions giving rise to this complaint occurred at, or around, Defendant MERCY'S place of business located within Nassau County, New York.

8. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under Charge No. 520-2015-02452 and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on January 14, 2016.  A true and accurate copy of the Notice of Right to Sue is attached hereto as **Exhibit "A."**

2

## IV. THE PARTIES

10. Plaintiff KAREN SMITH is a resident of the County of Queens, within the State of New York.

11. At all times relevant to the Complaint, plaintiff KAREN SMITH was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

12. Plaintiff KAREN SMITH was employed by Defendants from in or around October 2009 until in or about December 2014.

13. During the course of her employment with defendants, Plaintiff KAREN SMITH was a "PCMS Coordinator".

14. Throughout her employment, Plaintiff had performed her job responsibilities in a satisfactory manner.

15. Upon information and belief, defendant MERCY was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

16. Upon information and belief, defendant MERCY's place of business was and still is 1000 North Village Avenue, Rockville Center, New York 11570.

17. Upon information and belief, defendant MERCY was and still is a hospital engaged in the medical care business.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant MERCY has the authority over personnel decisions for defendant AESCULAP.

19. Upon information and belief, and at all times hereinafter mentioned, the defendant MERCY supervised and or exerted control over employees of the defendant AESCULAP.

3

20. At all times hereinafter mentioned, defendant MERCY was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

21. Upon information and belief, and at all times hereinafter mentioned, defendant AESCULAP, is a foreign business corporation organized and existing pursuant to the laws of the State of California, with a principal executive office and place of business at 3773 Corporate Parkway, Center Valley, PA 18034.

22. Upon information and belief, and at all times hereinafter mentioned, defendant AESCULAP, is engaged in the surgical instrument supply business.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant AESCULAP has the authority over personnel decisions affecting defendant MERCY.

24. Upon information and belief, and at all times hereinafter mentioned, defendant AESCULAP has authority over payroll decisions for Plaintiff.

25. Upon information and belief, and at all times hereinafter mentioned, the defendant AESCULAP supervised employees working at or for defendant MERCY.

26. At all times hereinafter mentioned, defendant AESCULAP, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

27. At all times hereinafter mentioned, Defendants AESCULAP and MERCY employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (Plaintiff) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (Plaintiff), (j), (r) & (s)(A)(Plaintiff).

4

28. At all times hereinafter mentioned, Defendants' annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## V. STATEMENT OF FACTS

29. Plaintiff KAREN SMITH was an employee of Defendants, working under Defendants' direct supervision.

30. Plaintiff was hired by Defendant AESCULAP, INC. in or around October 2009 to work for Defendant MERCY MEDICAL CENTER as a "PCMS Coordinator."

31. For over five years, Plaintiff performed her duties in a satisfactory manner.

32. Although Plaintiff did not have an official manager at MERCY, Plaintiff worked within the Central Sterile Department within MERCY, a department that had a manager and direct supervisor.

<u>Defendant Discriminates Against Plaintiff</u>

33. In or around 2013, Mercy Medical a new manager by the name of Bivin Thomas was assigned to the Central Sterile Department where Plaintiff worked.

34. Soon after becoming manager Mr. Thomas started treating Plaintiff differently than other employees.

35. Around summer of 2014, AESCULAP hired a new PCMS coordinator by the name of Raj, to serve as a substitute when Plaintiff was not available.

36. Upon information and belief Raj is the same nationality as Mr. Thomas.

37. Although Plaintiff was not allowed to speak with her coworkers, Mr. Thomas and Raj regularly engaged in conversations, many times not directly related to work.

38. Raj was never disciplined or advised by Mr. Thomas that he could not speak with coworkers, as Plaintiff was advised.

5

39. This disparate treatment continued until Plaintiff's termination in December 2014.

40. Shortly after arriving at work on December 2, 2014, Plaintiff was approached by AESCULAP, INC. representative Robert Hensel and was asked to take her own car to an off-site meeting at a nearby Dunkin' Donuts.

41. Plaintiff complied with the request to attend the meeting. Robert Hensel and newly hired "PCMS Manager" Phil Eisenbeiss joined Plaintiff at said meeting. Senior Human Resources Manager Linda Deiter was in to the meeting via telephone conference.

42. At said meeting, Plaintiff was told by Phil Eisenbeiss that she was immediately terminated as PCMS Coordinator.  In response to Plaintiff's request for a reason for termination, Phil Eisenbess stated that "the O.R. had a problem with [Plaintiff's] personality" and that AESCULAP wanted "someone different so they could keep the contract."

43. Upon information and belief, soon after terminating Plaintiff, Defendants hired Raj to replace Plaintiff as fulltime PCMS Coordinator at MERCY.

44. Upon information and belief, the reason given to Plaintiff for her termination, namely a personality conflict with the O.R., or "operating room", is not true.

45. Plaintiff has never had a conflict with the O.R.  Instead, Plaintiff was terminated because of her race, and/or national origin.

46. Based on the foregoing, Defendants have discriminated against Plaintiff because of her race, and/or national origin.

Plaintiff's Overtime Claim

47. The FLSA and NYLL require that employers pay all employees one and one-half their regular rate of pay for all hours in excess of forty (40) during any work week, unless they are exempt from coverage.

48. As a PCMS Coordinator, Plaintiff performed non-exempt work such as decontaminating instrument sets and assembling instrument sets.

49. The PCMS Coordinator position required only a High School Diploma or GED and one year experience.  A Sterile Processing Certification was preferred, but not required.

50. Plaintiff was scheduled to work five days per week, Monday through Friday, from approximately 9:00 a.m. to 6:00 p.m.; her rate of pay was $23.99 per hour for forty hours worked each week.

51. Throughout her employment, Plaintiff regularly worked until as late as 8:00 p.m. during the week and also worked at least two (2) weekends per month, averaging between 45 – 55 hours per week.

52. Defendant paid Plaintiff for the first 40 hours she worked each week but did not pay her for any hours worked over forty each week.

53. Defendants have exclusive possession of any records of the number of hours worked by Plaintiff each week; therefore, Plaintiff cannot at this time state the exact number of hours she worked each week other than to state she worked overtime at least two (2) weekdays per week and at least an additional two (2) weekend days each month.

54. Defendants' discriminatory behavior has caused Plaintiff to suffer humiliation, embarrassment, duress, loss of wages and other benefits.

55. Defendants' discriminatory behavior displays an ignorance of the requirements of Title VII, NYSHRL NYCHRL, and is in reckless disregard for Plaintiff's protected rights.

**FIRST CLAIM FOR RELIEF**
(Title VII – Race/National Origin Discrimination)

56. Plaintiff repeats and realleges each and every allegation contained herein.

57. Defendants' unlawfully discriminated against Plaintiff in violation of Title VII by wrongfully terminating her because of her race and/or national origin.

58. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer lost wages and benefits, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

59. Defendants' conduct was in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages, in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
(NYSHRL – Race/National Origin Discrimination)

60. Plaintiff repeats and realleges each and every allegation contained herein.

61. Defendants unlawfully discriminated against Plaintiff in violation of NYSHRL by wrongfully terminating her because of her race and/or national origin.

62. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer lost wages and benefits, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
(FLSA – Unpaid Overtime)

63. Plaintiff repeats and realleges each and every allegation contained herein.

8

64. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

65. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of § 7 of the FLSA, 29 U.S.C. § 207(a)(1).

66. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the Plaintiff is unable to state at this time the exact amount due and owing to her.

67. As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (NYLL – Unpaid Overtime)

68. Plaintiff repeats and realleges each and every allegation contained herein.

69. Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations and employed Plaintiff.

70. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of NYLL.

71. The complete records concerning the number of hours worked by the Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the Plaintiff is unable to state at this time the exact amount due and owing to her.

72. As a consequence of the willful underpayment of wages, alleged above, the Plaintiff has incurred damages thereby and the defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

73. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

### DEMAND FOR JURY TRIAL

74. Plaintiff repeats and realleges each and every allegation contained herein.

75. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment:

a.    Declaring that defendants have violated the aforementioned provisions of Title VII, NYSHRL, the FLSA and the NYLL;

b.    Awarding Plaintiff back pay, front pay – in lieu of reinstatement, and all benefits which would have been afforded Plaintiff but for said discrimination;

c.    Awarding Plaintiff liquidated damages in an amount equal to twice the total amount of wages found to be due, pursuant to the FLSA and NYLL;

d.    Declaring that defendants' violations of the FLSA and NYLL were willful;

e.    Awarding Plaintiff compensatory damages and damages for mental anguish and

2.    499638.1

emotional distress where available by statute;

      f.      Awarding Plaintiff reasonable attorneys' fees where available by statute;

      g.      Awarding Plaintiff punitive damages under Title VII;

      h.      Awarding Plaintiff pre and post judgment interest on all Claims for Relief;

      i.      Awarding Plaintiff the costs and disbursements of this action, including expert

fees and disbursements.

Date:  April 11, 2016                   /s/ Jose G. Santiago
       Great Neck, New York             Jose G. Santiago
                                      jsantiago@ackermanlevine.com
                                      ACKERMAN, LEVINE, CULLEN,
                                      BRICKMAN & LIMMER, LLP
                                      1010 Northern Blvd., Suite 400
                                      Great Neck, New York 11021
                                      (516) 829-6900

2.   499638.1